UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE DENISE FRANCES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-01993 AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, the court will GRANT plaintiff's motion for summary judgment and DENY the Commissioner's cross-motion for summary judgment.

////

////

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on February 28, 2013. Administrative Record ("AR") 198-206.[2] Plaintiff alleged the disability onset date was February 18, 2012. Id. The applications were disapproved initially (AR 71-85), and on reconsideration, (AR 86-102). On November 3, 2015, ALJ Christopher C. Knowdell conducted a hearing on plaintiff's challenge to the disapprovals. AR 39-70 (transcript). Plaintiff was present in person and testified at the hearing. AR 39. She was represented by her attorney Alex Panutich. Id. Cathleen Spencer, a vocational expert, also testified. Id.

On December 2, 2015, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 23-31 (decision), 32-36 (exhibits). On August 10, 2017 the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-4 (decision).

Plaintiff filed this action on September 26, 2017. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 15 (plaintiff's summary judgment motion), 17 (Commissioner's summary judgment motion). Plaintiff elected not to file a reply brief.

## II. FACTUAL BACKGROUND

Plaintiff was born in 1965, and accordingly was 48 years old when she filed her application. AR 86. Plaintiff has at least a high school education and can communicate in English. AR 30.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews

---

[2] The AR is electronically filed at ECF Nos. 10-3 to 10-9 (AR 1 to AR 736).

v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

////

IV. RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a. Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can

4

engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since February 28, 2013, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairments: bipolar disorder and chronic obstructive pulmonary disease (COPD) (20 CFR 416.920(c)).
>
> 3. [Step 3] 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] The claimant has the residual functional capacity to perform a limited range of light work as defined in 20 CFR 416.967(b).  She can only occasionally be exposed to odors, dust, fumes, pulmonary irritants, and extreme heat.  She is capable of simple, repetitive tasks, not at a production rate of pace, but is capable of meeting all end of day goals.  She is limited to occasional public contact.
>
> 5. [Step 4] The claimant has no past relevant work (20 CFR 416.965).
>
> 6. [Step 5] The claimant was born [in 1964] and was 48 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).
>
> 7. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. [Step 5, continued] Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CF'R 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since February 28, 2013, the date the application was filed (20 CFR 416.920(g)).

AR 25-31.

////

5

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 31.

## VI. ANALYSIS

Plaintiff contends the ALJ committed reversible error by failing to properly account for the opinion of examining physician Christine E. Fernando, M.D. Plaintiff argues that the ALJ failed to assign the opinion specific weight, and failed to provide adequate reasons for rejecting Dr. Fernando's opinion that plaintiff is limited to less than two hours of walking in an 8-hour day. ECF No. 15 at 5-7.

### A. The ALJ Erred in Accounting for Dr. Fernando's Opinion

With respect to plaintiff's COPD-related limitations, the ALJ reviewed the opinions of state agency non-examining medical consultant Dr. D. Pong and consultative examining physician Dr. Christine E. Fernando. AR 28. Dr. Fernando assessed limitations including a capacity for lifting/carrying 20 pounds occasionally and 10 pounds frequently, walking limited to less than 2 hours in an 8-hour day, and the ability to stand or sit for 6 hours in an 8-hour day with appropriate breaks. AR 448. Dr. Fernando noted, upon examination, decreased breath sound with a few rhonchi, but no rales. Id. Of Dr. Fernando's opinion, the ALJ stated: "I concur with Dr. Pong that this functional capacity is well supported, except the limitation on walking is excessively restrictive." AR 29. The ALJ agreed with Dr. Fernando that smoking and known allergens should be avoided. Id.

"The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician (including another examining physician), he must give "specific and legitimate reasons" for doing so: "[e]ven if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record." Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298-99 (9th Cir. 1999) (ALJ erred in the manner of rejecting the opinion of one examining

psychologist in favor of another examining psychologist).

Here, the ALJ provided no substantive reasons for rejecting Dr. Fernando's limitation of less than 2 hours of walking; he summarily discounted it as "excessively restrictive." Assuming the ALJ intended to indicate the restriction was not supported by the medical record, it is well established that an ALJ may not reject a doctor's opinion in conclusory fashion, by merely stating that it is unsupported by the record. Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). To the extent the ALJ intended to indicate that the restriction was not supported by Dr. Pong's assessment, that reasoning is likewise inadequate: the mere existence of a conflicting opinion from a non-examining physician, without more, is not a valid ground for discrediting the treating or examining physician's testimony. Pitzer v. Sullivan, 908 F.2d 502, 506, n.4 (9th Cir. 1990). To the extend the ALJ intended to rely on his statement of Dr. Pong's reasons for disagreeing with the consultative examiner regarding overall RFC, such reference is insufficient because there is no explanation why the cited activities of daily living are inconsistent with walking less than 2 hours in an 8-hour day.[3] For these reasons, the ALJ's rejection of Dr. Fernando's limitation with respect to walking was clearly deficient and constitutes reversible error.

### B. Remand for Further Administrative Proceedings is the Appropriate Remedy

The undersigned agrees with plaintiff that the ALJ's error is harmful and remand for further proceedings by the Commissioner is necessary. AR 15 at 9. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; the limitation on walking assessed by Dr. Fernando was not properly assessed and, if upon proper consideration the ALJ determines that the limitation is warranted, it may result in a residual

---

[3] In describing Dr. Pong's conclusion that a light residual functional capacity was appropriate notwithstanding Dr. Fernando's opinion, the ALJ stated: "Dr. Pong noted that the claimant has no difficulty with personal care, prepared TV dinners, sandwiches, breakfast, and dinner, does laundry, vacuuming, and light cleaning, and shops for groceries. The medical consultant felt that the evidence of record as a whole does not document any significant OCPD exacerbations." AR 28. Even if the ALJ meant to adopt these conclusions of Dr. Pong, they do not constitute specific and legitimate reasons supported by substantial evidence for finding that plaintiff can walk more than 2 hours in an 8-hour day.

functional capacity more restrictive than the one the ALJ initially assessed. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to properly consider the walking limitation assessed by Dr. Fernando. Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

SO ORDERED.

DATED: January 2, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE