1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   JACQUELINE DENISE FRANCIS,                No.  2:17-cv-01993 AC
12               Plaintiff,
13        v.                                   ORDER
14   ANDREW SAUL, Commissioner of Social
     Security,
15
16               Defendant.
17

18        Plaintiff sought judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner"), denying her application for a period of disability benefits under Title XVI of

20   the Social Security Act ("the Act").  ECF No. 1 at 1.  On January 2, 2019, the court granted

21   plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary

22   judgment, and remanded the action to the Commissioner with for further consideration.  ECF

23   No. 18.

24        Now pending before the court is plaintiff's December 21, 2020 motion for an award of

25   attorney's fees pursuant to 42 U.S.C. § 406(b).  ECF No. 24.  On December 22, 2020, defendant

26   filed a statement of non-opposition asserting that defendant "is not in a position to either assent or

27   ////

28   ////

                                           1

object" to the fee request.  ECF No. 25 at 2.  For the reasons set forth below, the motion will be granted.

I.  REASONABLENESS OF FEE REQUEST

At the outset of the representation, plaintiff and his counsel entered into a contingent-fee agreement.  ECF No. 24-1.  Pursuant to that agreement plaintiff's counsel now seeks attorney's fees in the amount of $9,647.50, which represents 25% of the $38,590.00 in retroactive disability benefits received by plaintiff on remand, for 21.3 hours of attorney time expended on this matter.  ECF No. 24 at 3.

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment."  Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)).  The goal of fee awards under § 406(b) is "'to protect claimants against "inordinately large fees" and also to ensure that attorneys representing successful claimants would not risk "nonpayment of [appropriate] fees."'"  Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting Gisbrecht, 535 U.S. at 805).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable.  Gisbrecht, 535 U.S. at 808-09 ("406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements").  "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable

2

1   for the services rendered." Id. at 807.  "[A] district court charged with determining a reasonable

2   fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee

3   arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"

4   Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793, 808).

5         In determining whether the requested fee is reasonable, the court considers "'the character

6   of the representation and the results achieved by the representative.'"  Crawford, 586 F.3d at 1151

7   (quoting Gisbrecht, 535 U.S. at 808).  In determining whether a reduction in the fee is warranted,

8   the court considers whether the attorney provided "substandard representation or delayed the

9   case," or obtained "benefits that are not in proportion to the time spent on the case."  Id.  Finally,

10  the court considers the attorney's record of hours worked and counsel's regular hourly billing

11  charge for non-contingent cases.  Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at

12  808); see also, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and

13  labor required").  Below, the court will consider these factors in assessing whether the fee

14  requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

15        Here, plaintiff's counsel is an experienced attorney who secured a successful result for

16  plaintiff.  See ECF No. 24-3.  There is no indication that a reduction of fees is warranted due to

17  any substandard performance by counsel.  There is also no evidence that plaintiff's counsel

18  engaged in any dilatory conduct resulting in excessive delay.  The court finds that the $9,647.50

19  fee, which represents 25% of the $38,590.00 in past-due benefits paid to plaintiff, is not excessive

20  in relation to the benefits awarded.  In making this determination, the court recognizes the

21  contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in

22  agreeing to represent plaintiff on such terms.  See Crawford, 586 F.3d at 1152 ("[t]he attorneys

23  assumed significant risk in accepting these cases, including the risk that no benefits would be

24  awarded or that there would be a long court or administrative delay in resolving the cases").

25  Finally, counsel has submitted a detailed billing statement in support of the requested fee.  ECF

26  No. 24-4.

27        Accordingly, for the reasons stated above, the court concludes that the fees sought by

28  counsel pursuant to § 406(b) are reasonable.

1

## II.  OFFSET FOR EAJA FEES

2      An award of § 406(b) fees must be offset by any prior award of attorney's fees granted

3  under the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.

4  Here, plaintiff's attorney was previously awarded $3,950.00 in EAJA fees.  See ECF No. 23.

5  However, counsel never received this payment because it was utilized by the U.S. Department of

6  the Treasury to pay overdue child support debt.  ECF No. 24-7.  Thus, no EAJA payment need be

7  remitted in this case.

8      Accordingly, IT IS HEREBY ORDERED that:

9      1.  Plaintiff's Motion for attorney Fees under 42 U.S.C. § 406(b) (ECF No. 30), is

10  GRANTED; and

11      2.  Counsel for plaintiff is awarded $9,647.50 in attorney's fees under § 406(b); the

12  Commissioner shall certify that amount to be paid to counsel from the funds previously withheld

13  for the payment of such fees.

14  DATED: December 22, 2020

15

16  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

4